■ In the Matter of LEONARDO ENRIQUEZ, Appellant, v DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK, Respondent. [10 NYS3d 213]—

Order, Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered June 26, 2013, which denied petitioner's application to summarily discharge a lien for relocation expenses filed by respondent Department of Housing Preservation and Development (HPD), and granted HPD's cross motion to dismiss the proceeding, unanimously reversed, on the law, without costs, the petition for summary discharge granted, and the cross motion to dismiss the proceeding denied.

HPD filed a lien on premises owned by petitioner for expenses related to HPD's relocation of a tenant from an illegal cellar apartment. The amount included $16,425 in hotel expenses, incurred between June 23, 2010 and June 24, 2011. Petitioner commenced the instant proceeding to summarily discharge the lien, arguing, inter alia, that it was unreasonable to charge him $16,425 to house one person in a hotel for a year.

Administrative Code of the City of New York § 26-305 authorizes HPD to incur, on behalf of a tenant displaced from his or her home as a result of the enforcement of applicable housing laws, and to recoup from the landlord, "moving expenses or other *reasonable* allowances" related to relocation of the tenant (Administrative Code § 26-305 [1], [2] [emphasis added]). Rules promulgated by HPD state that it shall offer temporary shelter to a displaced tenant and shall "pay *temporary* shelter benefits" (28 RCNY 18-01 [b] [3] [emphasis added]).

Hotel expenses are recoverable pursuant to Administrative Code § 26-305 (*Matter of Retek v City of New York*, 14 AD3d 708, 709 [2d Dept 2005]). However, HPD's financing of the tenant's residence in a hotel for an entire year was not reasonable (*see* Administrative Code § 26-305 [2]). Nor does HPD's payment of a year's worth of hotel charges qualify as "temporary shelter benefits" (*see* 28 RCNY 18-01 [b] [3]). Accordingly, because the notice of lien states that it is based on one year's worth of hotel charges, it is facially invalid and should be summarily discharged. Concur—Friedman, J.P., Acosta, Richter and Gische, JJ.